Leon Polsky, J.
Charged with criminal sale of a controlled substance in the first and third degrees, the defendants move to dismiss the indictment claiming that the provisions of article 220 of the Penal Law (“Controlled Substances Offenses ”) incorporate by reference provisions of article 33 of the Public Health Law (“ The New York .State Controlled Substances Act ”), and that such reference violates section 16 of article III of the New York State Constitution, which provides: “ No act *408 shall be passed which shall provide that any existing law, or any part ithereof, shall be made or deemed a part of said act, or which shall enact that any existing law or part thereof, shall be applicable, except by inserting it in such act.”
The relationship between the Public Health Law ¡and the Penal Law is quite simple. Article 33 lists several categories and over 100 specific drugs and chemicals which are found and declared to be “ controlled substances ” (Public Health Law., § 3306) and makés unlawfubany possession, sale, manufacture or use of such substances unless expressly authorized by the article (Public Health Law, § 3304). The article then details those circumstances where such (conduct with respect to controlled substances is authorized. Violation of the Public Health Law provisions with respect to unlawful sale or possession of controlled substances is made punishable under the Penal Law (Public Health Law, § 3396, subd. 2).[1]
Article 220 of the Penal Law -sets forth the nature and degrees of offenses relating to unlawful possession and sale of controlled substances, and, in subdivision 2 of section 220.00 defines “unlawful” aAbeing conduct in violation of article 33. Beference is also made in article 220 to the Public Health Law schedules of controlled substances and, in a number of substantive offenses, the grade or degree of offense is determined by where the particular drug or chemical is listed in the five schedules of. controlled substances contained in section 3306 of the Public Health Law.
The present challenge to the Penal Law references to the Public Health Law fails to take account of the fact that article 220 of the Penal Law, in its" present definitional ¿structure was enacted as part of chapter 878 of the Laws of 1972. Different sections of the same act of the Legislature also qnacted the present article 33 of the Public Health Law. Thus, even though certain sections of the Penal Law volume of McKinney’s Consolidated Laws make reference to the Public Health Volume of McKinney’s Consolidated Laws, the basic definitional references were nevertheless ¡part of the same single legislative enactment. The quoted constitutional provision (art. IH, § 16) relates to acts of the Legislature — not particular volumes of *409 the Consolidated Laws to which different sections of the same act might he assigned.
The challenge also fails to take account of section 21 of article III of the New York Constitution which exempts from section 16 of article III “ any bill which shall be recommended to the legislature by commissioners or any public agency ”. The 1972 act resulted from a bill which had in fact been so recommended to the Legislature. (See, Interim Report of the Temporary State Commission to Evaluate the Drug Laws, N. Y. Legis. Doc., 1972, No. 10.)
It is true that the particular substantive offenses with which the defendants are charged were enacted the following year and were not .recommended to the Legislature by the commission. While the changes wrought by the 1973 amendments to the Penal Law (L. 1973 chs. 276, 277, 278,1051) are substantial in terms of increase in the penalty, reclassification of offenses and limitations on ‘ ‘ plea bargaining ’ ’, there was no meaningful change in the relationship between the Penal Law and Public Health Law provisions — a relationship which had already been established in a single legislative act upon recommendation of a commission.[2]
The fact that the Legislature in 1973 increased the penalties, reclassified some offenses in higher grades and restricted pleading and sentencing options fox certain offenses, did not require the Legislature to re-enact article 33 of the Public Health Law as part of each of the four bills amending the Penal Law.
The purpose of section 16 of article III of the Constitution is to prevent the inadvertent enactment of a law where the face of the bill submitted to the Legislature fails to disclose its scope or content. (People ex rel. Board of Comrs. of Washington) Park v. Banks, 67 N. Y. 568.) It is abundantly clear that the only purpose in requiring article 33 to be re-enacted as part of the 1973 amendment to the Penal Law would be an unseemly desire to increase the profits of the printers of bills and statutes.
Even were I not independently determining that section 16 of article III does not preclude the interrelationship that presently exists between the Penal and Public Health Laws, I would *410 be constrained by the prior history of such relationship to deny the defendants’ motion. Until 1929, provisions existed m the Penal and Public Health Laws independently imposing penal sanctions for unlawful conduct with respect to narcotic or “ habit-forming drugs ”. In that year, however, the Penal Law of 1909 was amended by the enactment of section 1751 (L. 1929, ch. 377) which created a substantive offense based upon a violation of the previously enacted Narcotic Drug Control Law of 1927 (Public Health Law, art. 22 [L. 1927, ch. 672]).[3] Over the next 45 years this relationship between the Penal and Public Health Laws continued. In spite of the many changes of major significance in both the Penal and Public Health Laws, at no time did the Legislature deem it necessary to re-enact the public health article while amending the penal provisions or to re-enact the Penal Law provisions while amending the Public Health Law.[4]
This near half-century of legislative conduct, each time with the approval of the executive branch, is entitled to great deference when the judiciary is called upon to examine the latest act in a consistent pattern of lawmaking. While courts ¡must accept and exercise the ultimate responsibility of interpreting the Constitution, the fact remains that the two co-ordinate, branches of government have interpreted a provision which deals most directly with their exclusive lawmaking function.
The actions of the Legislature are not in violation of any clear prohibition contained in section 16 of article III. Nor is there the slightest basis for suggesting that the Legislature was unaware that the four laws enacted in 1973 were intimately connected and dependent upon the New York Controlled Sub *411 stances Act, enacted as article 33 of the Public Health Law in the preceding year. Accordingly, the motion based upon section 16 of article III is denied.[5]

. Violations of article 33 other than those involving unlawful possession or sale of controlled substances are punishable either as specifically provided in the ¡Public Health Law section dealing with the proscribed conduct (see, e.g. Public Health Law, §§ 3345, 3375) or in proceedings conducted within the Department of Health pursuant to section 12-b of the Public Health Law. (See, Public Health Law, § 3396, subd. 2.)

. One structural change was made. In the 1972 act the Schedule of Dangerous Drugs (or “ controlled substances ”) was listed in both the Penal Law and Public Health Law. In chapter 276 of the Laws of 1973 the schedules were deleted from Penal Law and all references to the schedules were related to the identical Public Health Law schedules which continued in full force. Since any unlawful conduct with respect to the possession or sale of particular substances required violation of the Public Health Law provisions relating to such conduct, it was apparently felt that the duplicate listings were unnecessary.

. At that time, section 17 of article III of the Constitution of 1894 was in effect and contained the identical prohibition as that now contained in section 16 of article III of the Constitution of 1936.

. Some of the more significant changes were: L. 1933, eh. 684, Adopting the Uniform Narcotic Drug Law as former article 33 of the Public Health Law; L. 1950, ch. 346, amending section 1751 of the Penal Law to create the offense of possession with intent to sell, together with a rebuttable presumption of such intent based upon possession of more than a stated quantity of specified drugs; L. 1951, chs. 529, 530 (amd. § 1751 by adding “ gift” to the transactions to be treated as a sale, increased the maximum sentence and provided mandatory minimum sentences, lowered the weights necessary to trigger the presumption of intent to sell); L. 1952, ch. 414; L. 1956, ch. 526; L. 1966, ch. 193, all amending section 1751 to increase the maxima and mandatory minima sentences, and lowering the weights in the presumpV ,n of possession with intent to sell; L. 1969, chs. 787, 788 (these two acts amended the revised Penal Law of 1967 by adding “ A ” and “ B ” felony weights to the possessory and sale offenses contained in article 220).

. Other aspects of the defendants’ motion, addressed to the validity of article 5-B of the Judiciary Law and to chapter 603 of the Laws of 1973 are denied on the authority of Matter of Taylor v. Sise, 33 N Y 2d 357 (1974) and People v. Abraham, 44 A D 2d 721. The branch of the motion addressed to the method of selection of prospective jurors is denied as premature with leave to renew at the appropriate time upon an. affidavit including necessary factual allegations. (See, CPL 270.10.)