Lawrence J. Tonetti, J.
The defendant Harry Ostreicher moves the court (1) for an order finding the regulation under which he is indicted unconstitutional; (2) for dismissal of some counts because some of the regulations were not properly published; (3) for inspection of the Grand Jury minutes; (4) for *514 discovery and inspection and, (5) for a bill of particulars. The motion is decided as hereinafter indicated.
I THE CONSTITUTIONALITY OF THE REGULATIONS
The defendant is charged under two regulations that are substantially the same. 10 NYCRR 730.3 (c) (3) provides:
"(c) No operator or agent, consultant or representative thereof [nursing home] shall:
"(3) Accept any remuneration, rebate, gift benefit or advantage of any form from any vendor or other supplier because of the purchase, rental or loan of equipment, supplies or services for the nursing home or patient excluding normal business practices” (emphasis added).
10 NYCRR 414.16 (c) (3) provides identical language except the last phrase which reads "supplies or services for the facility or patient/resident excluding normal business practices” (emphasis added). It is the contention of the defense that by employing the phraseology "except normal business practices” without further definition the Legislature has failed to sufficiently advise what conduct is proscribed by the regulation and it is thus unconstitutionally vague.
At the outset of this analysis a distinction must be drawn between the concepts of "overbreath” also called "vagueness on its face” and the doctrine of void for vagueness. The former applies to laws governing First Amendment rights only while the latter can be appropriately applied to any statute. In application the difference lies in standing. When a statute concerning First Amendment rights is attacked as overbroad any person, even one who’s conduct clearly lies within the conduct proscribed by the statute may challenge the statute (Gooding v Wilson, 405 US 518; Coates v City of Cincinnati, 402 US 611; United States v National Dairy Prods. Corp., 372 US 29). Society’s interest in avoiding the chilling effect of vagueness on First Amendment rights is sufficient to allow a challenge to the statute’s notice based on hypothetical situations at the periphery of the statutes meaning without regard to the activities of the particular defendant in question.
In Gooding v Wilson (supra, p 520) the Supreme Court makes the following statement: "At least when statutes regulate or proscribe speech and when 'no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution,’ Dombrowski v. Pfister, 380 *515 U. S. 479, 491 (1965), the transcendent value to all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making its attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity’, id., at 486; see also Bagget v. Bullitt, 377 U. S. 360, 366 (1964); Coates v. City of Cincinnati, 402 U. S. 611, 616 (1971); id., at 619-620 (White, J., dissenting); United States v. Raines, 362 U. S. 17, 21-22 (1960); NAACP v. Button, 371 U. S. 415, 433 (1963). This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression.”
Also in Coates v City of Cincinnati (supra, pp 619-620 [White, J., dissenting]), the court states: "Although a statute may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreath as applied to others. And if the law is found deficient in one of these respects, it may not be applied to him either, until and unless a satisfactory limiting construction is placed on the statute. * * * The statute, in effect, is stricken down on its face.”
So, in effect a law proscribing First Amendment rights may be attacked by any defendant who can devise a hypothetical situation that would demonstrate vagueness in the statute. This is not the case when the statute under attack deals with another topic. In this latter instance, the statute is void for vagueness only if it is vague as applied to precise circumstances of the individual case (United States v Powell, 423 US 87; United States v Mazurie, 419 US 544; United States v Raines, 362 US 17; United States v Harriss, 347 US 612; People v Pagnotta, 25 NY2d 333; People v Smith, 89 Misc 2d 789). In United States v Mazurie (419 US 544, 550, supra) the Supreme Court makes this point succinctly: "It is well established that vagueness challenges to statutes which do not invoke First Amendment freedoms must be examined in the light of the facts of the case at hand.”
Clearly, the regulation involved in the instant case does not involve First Amendment rights. The conduct proscribed here deals only with the management of the nursing home industry. Thus, whether or not it is unconstitutionally vague can be *516 determined only by examining the regulations in the light of the actual facts at hand. Vagueness has been defined by the Supreme Court: "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed”. (United States v Harriss, supra, p 617.)
The defendant is charged in this indictment with causing a vendor to submit bills for goods never delivered to the nursing home. The defendant and coconspirators then allegedly caused this vendor to return to them in cash the amount of the undelivered supplies. This alleged return, approximately one third of this order was not reflected in any invoice. It is further alleged that the conspirators changed and falsified their own records by listing nondelivered goods as if they were delivered.
Without a doubt, a man of ordinary intelligence would realize, in these circumstances, that this is not conduct within the normal business practices. Defendant’s conduct in accepting a one-third kickback on orders falls clearly within the offenses proscribed by these regulations. While it is true that marginal cases may exist where application of this statute may fail for vagueness, the defendant may not avail himself of such instance where his own conduct strikes at the heart of the prohibition (People v Pagnotta, 25 NY2d 333, supra; Roth v United States, 354 US 476; United States v Harriss, 347 US 612, supra; United States v Raines, 362 US 17, supra; Broadrick v Oklahoma, 413 US 601). These regulations are constitutional as applied to defendant Ostreicher.
II DISMISSAL OF CERTAIN COUNTS DUE TO UNPUBLISHED REGULATIONS
Count one of the indictment, the conspiracy count, and counts 21-25 all allege a violation of section 414.16 (subd [c], par [3]) of the State Hospital Code (10 NYCKR 414.16 [c] [3]). This regulation was lawfully adopted on June 17, 1976 and duly filed in the office of the Secretary of State on July 1, 1976. However, it remained unpublished up to and including the date of the filing of the instant indictment.
The defendant contends that because of this failure to *517 publish, the regulation is of no force and effect and consequently the counts of the indictment containing reference thereto are invalid.
The relevant authority is section 8 of article IV of the New York Constitution which provides: "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
This court views defendant’s contention here as without merit. The purpose of the filing requirement is to provide a central location where all rules and regulations may be examined by those who may be affected by them (People v Cull, 10 NY2d 123). The Constitution mandates filing for a regulation to become effective; it does not mandate immediate publication. Realistically, statutes, amendments or regulations can only be published periodically as new additions and supplements are compiled. In any event, a copy of section 414.16 was mailed to the Park View Nursing Home, the defendants’ place of business and he thus had actual notice of the regulation. [Additional material omitted from publication.]