OPINION OF THE COURT
Burton S. Joseph, J.
The defendant, Shore Realty Corp., is charged with the violation of six sections of article III of the Nassau County Fire Prevention Ordinance (Ordinance), all of which pertain to the storage of flammable chemicals. The defendant moves this court for an order dismissing the information herein on the following four grounds: (a) pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c) , that the statute defining the offense charged is unconstitutional; (b) pursuant to CPL 170.30 (1) (b), that the prosecution constitutes selective enforcement in violation of the defendant’s right to equal protection; (c) pursuant to CPL 170.30 (1) (a); 170.35 (1) (a) and 100.40, dismissing the counts 5 and 6 of the information is insufficient on their face as a matter of law; and (d) pursuant to CPL 170.30 (1) (g) and 170.40, that dismissal is required in the interest of justice. Each of the above-enumerated four grounds for dismissal will be discussed below.
*420 CONSTITUTIONALITY OF THE ORDINANCE
The defendant contends that article III of the Nassau County Fire Prevention Ordinance, under the provisions of which it is being prosecuted, incorporates by reference certain standards of the National Fire Protection Association, and that this incorporation by reference renders the Ordinance constitutionally defective. Specifically, the defendant argues that the incorporation by reference of the standards of a private association fails to notify an individual of the conduct proscribed, and constitutes an improper delegation of legislative authority in violation of NY Constitution, article III, § 16.
NY Constitution, article III, § 16 provides as follows:
“[Section] 16. [Existing law not to be made applicable by reference]
“No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.”
The purpose of this section is to prevent the inadvertent enactment of a law incorporating by reference other unintended provisions of which the Legislature might be ignorant, because the face of the bill fails to disclose its full scope. (People v Graff, 79 Misc 2d 407; People v Mobil Oil Corp., 101 Misc 2d 882.)
Article III of the Nassau County Fire Prevention Ordinance, which the defendant finds constitutionally objectionable, refers to specific standards of the National Fire Protection Association, and provides, “These Standards are hereby incorporated and shall be deemed to be a part of this Ordinance. Copies of said Standards are on file with the Clerk of the Board of Supervisors of the County of Nassau.” (Nassau County Fire Prevention Ordinance No. 51-81, art III, § 3.0 [a].)
In People v Mobil Oil Corp. (supra, p 883), the court held that article III of the Nassau County Fire Prevention Ordinance effected an unconstitutional delegation of legislative power by incorporating specific standards of the National Fire Protection Association “currently in effect, or as may be amended”, thereby impermissibly incorporating future standards of which the Legislature could not be aware. However, article III was subsequently amended to delete the provision “or as may be amended,” thereby limiting the incorporation to those standards, already in effect, which are specifically designated and are noted to be on file with the clerk of the Board of Supervisors.
The constitutionality of the aforementioned incorporation by reference under the amended ordinance was addressed in Island *421 Swimming Sales v County of Nassau (Sup Ct, Nassau County, index No. 13594/80, June 29, 1981, revd on other grounds 88 AD2d 990 [2d Dept 1982]). There, the court found that “Where, as here, specifically designated standards are adopted and incorporated into an ordinance by a legislative body; and such standards are possessed by said body at the time of enactment and are on file with the legislative body for all to peruse, the ordinance is valid even if such standards are not directly inserted within the body of the ordinance.” Although this decision was subsequently reversed on jurisdictional grounds, the merits never being addressed, this court finds it to be well reasoned and persuasive. This court agrees that article III of the Nassau County Fire Prevention Ordinance passes constitutional muster, in that it provides adequate notice of the conduct proscribed and does not effect an unconstitutional delegation of legislative power.
The defendant further attacks the constitutionality of the ordinance, arguing that it is void for vagueness because it fails to specify whether the owner and/or the operator of a facility is required to comply with its provisions.
It is well settled that vagueness challenges to statutes which do not proscribe 1st Amendment rights must be examined in the light of the facts of the case at hand. (United States v Mazurie, 419 US 544, 550.) In such an instance, a statute is void for vagueness only if it is vague as applied to the actual circumstances of the individual case. (United States v Mazurie, supra; United States v Powell, 423 US 87; People v Lerner, 90 Misc 2d 513.)
In this case, the defendant is both the owner and the operator of the facility where the violations are alleged to exist. Thus, it is clear that it had adequate notice that it was required to comply with the Ordinance, whether in its capacity as owner or as operator of the facility. The Ordinance thus survives a vagueness challenge under the actual circumstances of this case.
The defendant also argues that article III, section 3.4 (e), upon which count 5 of the information is based, is vague because it fails to set a standard of conduct required. Section 3.4 (e) requires a facility to maintain a “Watchman’s Clock System,” and sets forth the requirements of surveillance under this sys-. tern. Although awkwardly drafted, this section does set a standard of conduct required. It must be noted that the defendant is charged with having failed to maintain any watchman’s clock system, rather than with having improperly maintained one. Thus, under the particular facts of this case, the defendant’s *422 argument that the Ordinance is unconstitutionally vague is similarly without merit.
In addition to the foregoing, the defendant advances a final constitutional argument against the Ordinance; namely, that it is violative of the defendant’s right to equal protection under the law because the maximum fine for a violation of any of its provisions is greater for a corporation than it is for an individual.
Section 3.11 of the Ordinance provides that any person or business entity other than a corporation convicted of violating or failing to comply with any of its provisions shall be guilty of a misdemeanor punishable by a fine not exceeding $1,000, or by imprisonment for not more than one year, or both, for each and every offense. A corporation, on the other hand, is subject to a fine not exceeding $5,000 for each and every offense.
It is well settled that corporations are “persons” within the meaning of the equal protection clause. (20 NY Jur 2d, Constitutional Law, § 349; People v B.N.B. Realty Corp., 85 Misc 2d 487.) However, not every distinction between corporations and natural persons is a denial of the equal protection of the laws. The inherent rights of a corporation are not the same as those of an individual, and in many cases the distinction between corporations and individuals is a valid basis of classification. (16A CJS, Constitutional Law, § 504.) This is such a case. It is obvious that a corporation cannot be imprisoned, although it may be punished by a fine. Thus, the distinction in the Ordinance between individual and corporate violations, in which the individual faces the possibility of imprisonment in addition to a fine, whereas the corporation is subject to a higher maximum fine, has a valid and rational basis in providing for a sanction which is equitable between individual and corporate violators, and which will serve as an effective deterrent for future violations. Consequently, the court finds that this provision of the Ordinance does not violate the defendant’s equal protection rights, and in fact does not meet constitutional muster.
DISCRIMINATORY ENFORCEMENT
The defendant argues that its rights to equal protection of the law have been further violated by the commencement of this criminal proceeding, which, it contends, evinces discriminatory enforcement of the fire code. In order to further substantiate this charge, the defendant requests that it be granted an evidentiary hearing to explore the facts of any prior violations and prosecutions with respect to the subject premises.
*423 Specifically, the defendant contends that every fire code violation with which it is charged was created prior to the time that the defendant came into possession of the subject premises, and existed with the actual or constructive knowledge of the fire marshal. Thus, the defendant argues, the fire marshal’s enforcement of the fire code against it, after having allegedly failed to enforce the code against the prior owners and tenants of the premises, is made in bad faith and constitutes selective enforcement.
A claim of discriminatory enforcement must be supported by a showing not only that a law was not enforced against other similarly situated, but also that the selective enforcement of the law was deliberately based upon a constitutionally impermissible standard such as race, religion or some other arbitrary classification. (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686; People v Goodman, 31 NY2d 262.) The burden of proof is heavy because the party making such a claim must overcome the presumption that the enforcement of laws is undertaken in good faith and without discrimination, and further because the authorities must be allowed latitude in making law enforcement decisions. (Matter of 303 W. 42nd St. Corp. v Klein, supra; People v Nelson, 103 Misc 2d 847.) Considerations of police resources, the seriousness of the violation, and deterrence are all valid factors in enforcement selectivity. (Matter of 303 W. 42nd St. Corp. v Klein, supra.)
Moreover, the claim of discriminatory enforcement is treated not as an affirmative defense to the criminal charge, to be determined by the trier of fact, but rather as an application to the court for a dismissal of the prosecution upon constitutional grounds. (People v Goodman, supra; Matter of 303 W. 42nd St. Corp. v Klein, supra; 31 NY Jur 2d, Criminal Law, § 243.) Such a claim does not reach the issue of the guilt or innocence of the defendant, but goes to the integrity of the legal process. The issue should be addressed to the court by a pretrial motion to dismiss the information or indictment, wherein the defendant must meet the heavy burden of showing that a pattern of discrimination has been intentionally practiced against him, and that the law has been administered “with an evil eye and an unequal hand” (Yick Wo v Hopkins, 118 US 356, 373-374; People v Goodman, supra.)
Even assuming the defendant can show that the fire marshal was lax in enforcing the fire code against the prior owners of its facility, this in itself is insufficient to meet the burden of proof required to sustain a claim of discriminatory enforcement. A *424 mere showing of selectivity in prosecution does not establish a denial of equal protection, nor does a mere showing of laxity in the enforcement of a law. (People v Dobbs Ferry Med. Pavillion, 69 Misc 2d 886.) It is noted that the defendant itself, in its moving papers, has indicated that the violations which are alleged to exist at its facility are of a very serious nature and pose a real threat to the public safety. A selective enforcement strategy may permissibly be directed at serious violations, such as those which are alleged here, which have progressed beyond tolerable limits. (English v Town of Huntington, 448 F2d 319, 323; Matter of 303 W. 42nd St. Corp. v Klein, supra.) The defendant’s argument that the fire marshal may not enforce the fire code against the facility now, simply because it had not done so before, is without merit here. Similarly, its argument that it only recently purchased the premises and thus should not be prosecuted for allegedly preexisting violations does not sustain its claim of discriminatory enforcement.
The defendant has failed to offer even the slightest iota of proof that this prosecution is motivated by a constitutionally impermissible reason such as race, religion, the desire to prevent the exercise of constitutional rights or by any other illegitimate reason. Consequently, that portion of the defendant’s motion seeking a dismissal of the information upon the ground of discriminatory enforcement is denied without prejudice to renewal upon a sufficient showing of conscious, intentional discrimination on the part of the Nassau County Fire Marshal or the Nassau County District Attorney.
The defendant has additionally moved the court for an evidentiary hearing on the issue of discriminatory enforcement. In order to establish the right to such a hearing, a party must show, “on the strength of sworn affidavits and other proof supplying factual detail, that he is more likely than not to succeed on the merits.” (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d, at pp 695-696.) Thus, the defendant’s request for an evidentiary hearing is similarly denied without prejudice, on the ground that it has not presented sufficient evidence to demonstrate a reasonable probability of success on the merits of its claim. (See, People v Nelson, supra.)
With respect to the remaining grounds for dismissal, the court finds count 5 of the information to be sufficient as a matter of law, but agrees with the defendant that the factual part of count 6 is insufficient on its face. The People are granted leave to amend count 6 to set forth the specific acts allegedly committed by the defendant in violation of the Ordinance, in accordance with CPL 170.35.
*425 That portion of the defendant’s motion which seeks a dismissal of the information in the interest of justice is denied. The defendant has failed to demonstrate the existence of any compelling factor, consideration or circumstance which warrants a dismissal of the information within the meaning of CPL 170.40.