■ BROOKHAVEN BAYMEN'S ASSOCIATION, INC., et al., Appellants, v TOWN OF SOUTHAMPTON et al., Respondents. [926 NYS2d 594]—

In an action, inter alia, for a judgment declaring that Local

Law No. 21 (2008) of the Town of Southampton, chapter A340 of the Town Code of the Town of Southampton, and portions of chapter 278 of the Town Code of the Town of Southampton are unconstitutional, void, and unenforceable, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Mayer, J.) dated August 21, 2009, which denied their motion for a preliminary injunction enjoining the enforcement of the challenged laws and granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs are commercial fishermen and women and an association of baymen and women who are not residents of the Town of Southampton. They commenced this action, inter alia, for a declaratory judgment against the Town of Southampton, members of the Town Board of the Town of Southampton (hereinafter the Town Board), and the Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Trustees) (hereinafter collectively the defendants), challenging, on procedural and substantive grounds, local legislation passed by the Town Board that, inter alia, regulates who may take, and the manner of taking, "shellfish" from waters within the Town. Under Local Law 21 (2008) of the Town of Southampton (hereinafter Local Law 21), amending ch 111, § 37 of the Town Code of the Town of Southampton (hereinafter the Town Code), "[e]very person shall comply with the regulations as provided in the Rules and Regulations for the Management and Products of the Waters of the Town of Southampton promulgated by the Board of Trustees of the Freeholders and Commonalty of the Town of Southampton in all matters." The Rules and Regulations for the Management and Products of the Waters of the Town of Southampton, promulgated by the Board of Trustees (hereinafter the Trustees' Rules and Regulations), which are included as an appendix to the Town Code (see Town Code, ch A340), define "shellfish" to include crabs, conchs, and shrimp, and prohibit anyone from taking them from "Town waters" unless he or she is a freeholder, resident, temporary resident, or a taxpayer, and has obtained a permit from the Town Clerk. In addition, the Trustees' Rules and Regulations regulate the manner of taking "shellfish" by, for example, prohibiting the place-

ment of a "fish pound, fyke, trap, pot or other anchored device[ ] for the taking or keeping of shellfish, fish, eels, crabs, lobsters or conchs" in Town waters unless authorized by written permission of the Trustees, with such permission available only to residents and freeholders (Trustees' Rule and Regulations, art V, § 1 [C]). Although the Trustees' Rules and Regulations authorize only a $50 fine, recoverable in a civil action, for a violation thereof, as set forth in Local Law 21, the Town may impose a fine and/or imprisonment for a violation (see Town Code § 111-39). Many of the provisions in the Trustees' Rules and Regulations are also found in chapter 278 of the Town Code, including restrictions on those who may take "shellfish" from the Town waters to freeholders, residents, temporary residents, and taxpayers who have obtained a permit (see Town Code §§ 278-3, 278-4).

The Trustees are successors to the original trustees who, in 1686, were granted, by Thomas Dongan, King James II's governor of the province of New York, a confirmatory charter or patent over the land, the lands under the water, and the waters within the boundaries contained in the grant (hereinafter the Dongan Patent) (see People ex rel. Howell v Jessup, 160 NY 249, 258-259, 261-262 [1899]; People v Lagana, 13 Misc 3d 110, 111 [2006]). Thus, under the Dongan Patent, title to and sovereignty over the land, the land under the waters, and the waters were vested in and conferred upon the original trustees (see People ex rel. Howell v Jessup, 160 NY at 265). This included the products in the land under the waters, such as shellfish (see People v Miller, 235 App Div 226 [1932], affd 260 NY 585 [1932]; Sloup v Town of Islip, 78 Misc 2d 366 [1974]). However, the original trustees could take no more than the King of England could give (see People ex rel. Howell v Jessup, 160 NY at 268). At the time of the grant, the right of navigation and fishing for migratory fish in offshore and tidal navigable waters, that is, where the tide ebbs and flows, was common to the public (see People v Steeplechase Park Co., 218 NY 459, 472-473 [1916]; People ex rel. Howell v Jessup, 160 NY at 265; Roe v Strong, 107 NY 350, 358 [1887]; Brookhaven v Strong, 60 NY 56, 67 [1875]; Gould v Hudson Riv. R.R. Co., 6 NY 522, 539-540 [1852]; Sloup v Town of Islip, 78 Misc 2d at 368). Thus, the Dongan Patent did not grant to the Trustees the exclusive rights to use the navigable waters in the Town or to take migratory fish from them. After the American Revolution, the State succeeded to those exclusive rights (see People v Steeplechase Park Co., 218 NY at 473; Melby v Duffy, 304 AD2d 33, 37 [2003]; cf. Navigation Law § 2 [4]).

"On a motion to dismiss the complaint pursuant to CPLR

3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sokol v Leader*, 74 AD3d 1180 [2010]).

In this instance, the plaintiffs allege that the Town has impermissibly prohibited anyone but freeholders, residents, temporary residents, or taxpayers who possess a permit issued by the Town from taking crabs, conchs, and shrimp from the navigable waters of the Town. While the challenged local legislation classifies crabs and conchs as "shellfish," the defendants concede that crabs and conchs are considered migratory fish (*see* Town Code § 278-3). Since the Dongan Patent did not grant the Trustees the authority to regulate who may take migratory fish such as crabs and conchs from navigable waters, and only the State "retains the authority to regulate and control the right of fishing for migratory marine fish" (*Melby v Duffy*, 304 AD2d at 37), the complaint states a valid cause of action. To the extent that the manner in which the plaintiffs' attempts to . remove migratory fish from the waters requires them to disturb the underwater lands, the Trustees, as the title owners to the underwater lands, may prohibit the plaintiffs and other persons not enumerated in Local Law 21 from trespassing on the Trustees' property. The placement of fishing gear on the underwater lands would constitute a trespass, and the Town Board is empowered to pass an ordinance prohibiting a trespass on both public and private property (*see* Town Law § 130 [19]). While the defendants contend that the only way in which crabs and conchs can be removed is by raking or digging them out from the land under the waters, thereby committing a trespass, at this point, on a motion pursuant to CPLR 3211 (a) (7), that fact has not been established (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Sokol v Leader*, 74 AD3d 1180 [2010]; *cf. People v Miller,* 235 App Div at 232-233).

Since the record is not sufficiently developed at this juncture to permit us to determine whether the plaintiffs' methods of taking migratory fish constitute a trespass, we need not address the defendants' contention that Town Law § 130 (19) authorizes it to enact a local law or ordinance, prohibiting a trespass on private or public property, that may be inconsistent with the provisions of the Environmental Conservation Law that vest exclusive regulatory authority in the State over the harvesting

of migratory fish from the waters of the State. For the same reason, we need not address the plaintiffs' contention that Local Law 21 is void by virtue of its inconsistency with the Environmental Conservation Law.

With respect to the plaintiffs' procedural challenges to the legislation, it was not improper for the Town Board, in passing Local Law 21, to incorporate the Trustees' Rules and Regulations by reference (*see People v Shore Realty Corp.*, 127 Misc 2d 419, 421 [1984]; *see also Conrad v Home & Auto Loan Co.*, 53 AD2d 48, 54 [1976]). However, the Town Board failed to establish that Local Law 21 is not an open-ended delegation (*see People v Mobil Oil Corp.*, 101 Misc 2d 882, 886-887 [1979]). As currently drafted, Local Law 21 permits the Trustees, from time to time, at their prerogative, to amend their regulations, and, by virtue of Local Law 21, compliance with them would be required, without the Town Board ever having reviewed and voted on the amended regulations.

Accordingly, the Supreme Court should not have granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

To be entitled to a preliminary injunction, the plaintiffs were required to establish, by clear and convincing evidence, a likelihood of ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction, and a balancing of equities in their favor (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Gluck v Hoary*, 55 AD3d 668 [2008]). Since the record is unclear as to whether the plaintiffs can remove crabs and conchs without disturbing the land under the waters, they have not demonstrated a likelihood of ultimate success on the merits. Further, the possibility of irreparable injury is unclear and a balancing of the equities does not favor any one party. The Trustees, through the Town, are seeking to prevent nonresidents from trespassing on their land and, if the only way the plaintiffs can remove crabs and conchs is by disturbing the land under the waters, the Town may prohibit the plaintiffs from doing so. Also, the Town alleges that, when the plaintiffs are fishing for crabs and conchs, their fishing gear will catch true shellfish, which belong to the Trustees. On the other hand, if the plaintiffs can show that they can remove crabs and conchs without disturbing the underwater lands, only then is the Town depriving them of their livelihood. Under these circumstances, the plaintiffs' motion for a preliminary injunction was properly denied. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.

**[Prior Case History: 24 Misc 3d 1239(A), 2009 NY Slip Op 51816(U).]**