Brookhaven Baymen's Assn., Inc. v Town of Southampton (2022 NY Slip Op 00394)





Brookhaven Baymen's Assn., Inc. v Town of Southampton


2022 NY Slip Op 00394


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05726
 (Index No. 4244/09)

[*1]Brookhaven Baymen's Association, Inc., et al., appellants, 
v
Town of Southampton, et al., respondents.


J. Lee Snead, Bellport, NY, for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents Town of Southampton and Town Board of the Town of Southampton.
Joseph Lombardo, Water Mill, NY, for respondent Trustees of the Freeholders and Commonalty of the Town of Southampton.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Local Law No. 21 (2008) of the Town of Southampton, chapter A340 of the Town Code of the Town of Southampton, and portions of chapter 278 of the Town Code of the Town of Southampton are unconstitutional, void, and unenforceable, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated March 25, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Town of Southampton and Town Board of the Town of Southampton, and the separate motion of the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton, which were for summary judgment in their favor on the second through eighth causes of action in the amended complaint insofar as asserted against each of them, and denied those branches of the plaintiffs' motion which were for summary judgment on those causes of action.
ORDERED that the order is affirmed insofar as appealed from, with one bill costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Local Law No. 21 (2008) of the Town of Southampton, chapter A340 of the Town Code of the Town of Southampton, and portions of chapter 278 of the Town Code of the Town of Southampton are not unconstitutional, void, and unenforceable.
The factual history of this case is set forth in a prior decision and order of this Court (see Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d 1074). In the prior decision and order, we held, inter alia, that the defendants were not entitled to dismissal of the complaint for failure to state a cause of action based upon the ownership interests granted to the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Trustees) by virtue of the confirmatory charter or patent granted by Thomas Dongan, King James II's governor of the province of New York, in 1686 (hereinafter the Dongan Patent), because those ownership interests did not include "the authority to regulate who may take migratory fish such as crabs and conchs from navigable waters, and only the State 'retains the authority to regulate and [*2]control the right of fishing for migratory marine fish'" (Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d at 1077, quoting Melby v Duffy, 304 AD2d 33, 37). In reaching our prior decision, we further noted that the Trustees, as title owners to the underwater lands in the Town of Southampton, "may prohibit the plaintiffs . . . from trespassing on the Trustee's property" (Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d at 1077), and that "[t]he placement of fishing gear on the underwater lands would constitute a trespass" (id.).
Thereafter, the plaintiffs filed an amended complaint which asserted nine causes of action, including, inter alia, for declarations that Local Law 21 (2008) of the Town of Southampton (hereinafter Local Law 21), amending chapter 111, § 37 of the Town Code of the Town of Southampton (hereinafter the Town Code), chapter A340 of the Town Code, and chapter 278 of the Town Code, are unconstitutional, void, and unenforceable on the ground, among others, that they are preempted by the Environmental Conservation Law. The defendants Town of Southampton and Town Board of the Town of Southampton (hereinafter the Town Board, and together with the Town the Town defendants) moved, and the Trustees separately moved, among other things, for summary judgment in their favor on the second through eighth causes of action in the amended complaint insofar as asserted against each of them. In support of their respective motions for summary judgment, the Town defendants and the Trustees argued, in sum, that while the Trustees lack the power to enact regulations regarding the harvesting of migratory fish from navigable waters, they have the right to exclude nonresidents from commercially harvesting migratory fish such as crabs and conchs from the bay bottom utilizing any method that requires them to trespass on underwater lands owned by the Trustees under the Dongan Patent. The plaintiffs opposed the motions, and moved, inter alia, for summary judgment on those causes of action. In an order dated March 25, 2019, the Supreme Court, among other things, granted those branches of the defendants' separate motions and denied those branches of the plaintiffs' motion. The plaintiffs appeal.
The Supreme Court properly granted those branches of the motion of the Town defendants, and the separate motion of the Trustees, which were for judgment as a matter of law in their favor on so much of the amended complaint as alleged that the Trustees, through the Town Board, lacked the authority to prohibit nonresidents of the Town from fishing for certain migratory fish such as crabs and conchs in the Town's tidal waters, and properly denied those branches of the plaintiffs' motion which was for judgment as a matter of law on those portions of the amended complaint. Contrary to the plaintiffs' contention, they do not possess a common-law right of fishery in the Town's tidal waters superior to the ownership interest in the underwater lands held by the Trustees by virtue of the Dongan Patent where, as here, the fishery necessarily results in a trespass on the underwater lands (see Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d at 1077). After this Court issued its prior decision and order, the parties stipulated that "[t]he placement of poles, anchors, pots, traps, and dredges upon and over the underwater lands within the inland bays and coastal waters of Long Island is a necessary element of how fishermen, crabbers and conchers ply their trade," and that "the use of devices which necessarily must touch or be anchored into the bay bottom is a typical and customary way for Plaintiffs to ply their trade" (emphasis added). The placement of fishing gear on the underwater lands would constitute a trespass, and the Town Board is empowered to pass an ordinance prohibiting a trespass on both public and private property (see Town Law § 130[19]; Montanaro v Rudchyk, 189 AD3d 1214; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853; People ex. rel. Howell v Jessup, 160 NY 249, 258-259). Thus, "[t]o the extent that the manner in which the plaintiffs' attempts to remove migratory fish from the waters requires them to disturb the underwater lands, the Trustees, as the title owners to the underwater lands, may prohibit the plaintiffs and other persons not enumerated in Local Law 21 from trespassing on the Trustees' property" (Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d at 1077; see People ex. rel. Howell v Jessup, 160 NY at 265).
The Supreme Court also properly granted those branches of the motion of the Town defendants, and the separate motion of the Trustees, which were for judgment as a matter of law in their favor on so much of the amended complaint as alleged that articles 11 and 13 of the Environmental Conservation Law preempt Local Law 21, insofar as those articles regulate crabbing and conching in navigable waters, and properly denied those branches of the plaintiffs' motion which was for judgment as a matter of law on those portions of the amended complaint. "[A] municipality [*3]may not enact a local law which is inconsistent with or in derogation of a general law of the State" (State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d 804, 805; see Consolidated Edison Co. of N.Y. v Town of Red Hook, 60 NY2d 99; Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 133). However, "the State may not impose legislation upon privately held property, absent legitimate bases founded upon a valid exercise of its police powers and, when such is done, a compensable taking may occur" (State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d at 805; see People ex. rel. Howell v Jessup, 160 NY at 268).
The Navigation Law defines "[n]avigable waters of the state" as "all lakes, rivers, streams and waters within the boundaries of the state and not privately owned, which are navigable in fact or upon which vessels are operated, except all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties" (Navigation Law § 2[4]). Thus, although as a general rule navigable waters are subject to the sole jurisdiction and control of the State (see Matter of Rottenberg v Edwards, 103 AD2d 138, 140), all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties are expressly excluded under the definition of navigable waters of the state (see Navigation Law § 2[4]). "The statutory exemption contained in Navigation Law § 2(4) has consistently been construed as authorizing the Counties of Nassau and Suffolk and their respective townships to legislate and control the use of such lands and waterways" (Melby v Duffy, 304 AD2d at 37; see Matter of Rottenberg v Edwards, 103 AD2d at 141). "Only when the State owns title to the land under the water in its sovereign capacity does it have exclusive jurisdiction preempting local land use laws" (Town of N. Elba v Grimditch, 98 AD3d 183, 187). Because the State has expressly excluded navigable waters within the County of Suffolk, in which the Town is located, from its jurisdiction, and the Town owns title to the land under its tidal waters, articles 11 and 13 of the Environmental Conservation Law do not preempt Local Law 21 insofar as those articles regulate crabbing and conching in navigable waters (see Melby v Duffy, 304 AD2d at 37; State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d at 805).
The Supreme Court also properly granted those branches of the motion of the Town defendants, and the separate motion of the Trustees, which were for judgment as a matter of law in their favor on so much of the complaint as alleged that chapter A340 of the Town Code and chapter 278 of the Town Code are unenforceable on the ground that those chapters were adopted in contravention of the requirements of Town Law § 130 and Municipal Home Rule Law § 20, and properly denied those branches of the plaintiffs' motion which was for judgment as a matter of law on those portions of the amended complaint. This Court held in its prior decision and order that it was not improper for the Town Board, in passing Local Law 21, to incorporate the Trustees' Rules and Regulations by reference (see Brookhaven Baymen's Assn., Inc. v Town of Southampton, 85 AD3d at 1078). This constitutes the law of the case (see Matter of Koegel, 184 AD3d 764).
The plaintiffs' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Local Law No. 21 (2008) of the Town of Southampton, chapter A340 of the Town Code of the Town of Southampton, and portions of chapter 278 of the Town Code of the Town of Southampton are not unconstitutional, void, and unenforceable (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court