Edward M. O’Gorman, J.
The defendant has been charged with a violation of section 512 (suhd. 1, par. [a]) of the Tax Law. Upon his arraignment before the Honorable Johx A. Hi Miceli, Justice of the Peace of the Town of Cornwall, he demanded a jury trial, which demand was granted by the Justice.
The People now move for an order of this court directing that such trial proceed before said Justice without a jury, and have obtained a stay of the trial pending our determination.
. The People contend that, under the language of section 512 (subd. 1, par. [a]) of the Tax Law, the defendant is not entitled to a trial by jury. No case in point has been cited by the People or by the defendant.
Section 512 of the Tax Law provides certain penalties for violations of the Tax Law involved in the operation of motor vehicles on the public highways. The statute provides further that any person who violates any provision of this section upon a first conviction shall be punishable by a fine, and upon a second or subsequent conviction by a fine or by imprisonment.
The statute further provides that the penalty or punishment thus imposed shall not he deemed for any purpose a penal or criminal penalty or punishment.
The statute then provides as follows: “ Por the purposes of conferring jurisdiction upon courts and' judicial officers generally such violations shall be deemed misdemeanors and for such purpose only all provisions of the law relating to misdemeanors shall apply to such violations, provided however, that courts of special sessions outside of the City of New York * * ® in the first instance, shall have exclusive jurisdiction to hear and determine charges of such violations.”
The foregoing section of the Tax Law, by its terms, does not create a crime, but rather places these violations of the Tax Law in the same category as offenses under the Vehicle and Traffic Law.
A similar provision of subdivision 29 of section 2 of the Vehicle and Traffic Law, uses language strikingly similar to the language of section 512 in conferring jurisdiction on Courts of Special Sessions, and states, ‘ ‘ and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors * * * shall apply to *1096 traffic infractions, except however, that no jury trial shall be allowed.for traffic infractions.” (Emphasis supplied.)
The section of the Tax Law with which we are now dealing, on the contrary, is silent as to the mode of trial.
The provision of section 512 that all provisions of law relating to misdemeanors shall apply to such violations “ for the purpose of conferring jurisdiction * * * and for such purpose only”, does not indicate clearly the legislative intent with respect to the mode of trial.
It has frequently been held that section 2 of article I of the Constitution of the State of New York, preserving the right to trial by jury, does not extend to petty offenses tried before a Court of Special Sessions. (See People v. Bellinger, 269 N. Y. 265, 271.)
The Constitution further provides that Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury. (N. Y. Const., art. VI, § 18.)
It is significant that, in dealing with offenses against the Vehicle and Traffic Law, the Legislature saw fit to usé its constitutional power to eliminate jury trials, and refrained from doing so in dealing with offenses under section 512 of the Tax Law.
The Legislature has spoken generally on this question in section 702 of the Code of Criminal Procedure dealing with trials in Courts of Special Sessions. By this section, the Legislature has directed that before the court hears any testimony upon the trial, the defendant may demand a trial by jury. This he has done in the instant case.
In view of the silence of the Legislature as to the mode of trial, under section 512 of the Tax Law, in my opinion section 702 of the Code of Criminal Procedure should be controlling.
In this connection, the language of the opinion in People v. Craig (195 N. Y. 190, 197) seems most pertinent. The court there said, “It is sufficient to say that, in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law.”
In the absence of a clear legislative direction to the contrary, a defendant charged with a violation of the Tax Law, should have a right to a trial by jury in a trial before a Justice of the Peace sitting as a Court of Special Sessions. Submit order.