Per Curiam.

The challenge to the constitutionality of the anti-marijuana statute may not be sustained on this record.
Fundamental to the very concept of separation of powers is the oft-stated principle that legislative enactments are presumed constitutional and presumed to be supported by facts known to the Legislature and found by them to require the legislation. (Matter of Van Berkel v. Power, 16 N Y 2d 37; Wiggins v. Town of Somers, 4 N Y 2d 215; Patterson v. University of State of N. Y., 14 N Y 2d 432; Wasmuth v. Allen, 14 N Y 2d 391, 397-398, app. dsmd. 379 U. S. 11; Purity Extract Co. v. Lynch, 226 U. S. 192, 201-202.)
A party challenging the constitutionality of a statute therefore has a heavy burden. Here, the burden was not met. The defendant offered no evidence, and his contentions as to the nature of marijuana are not ‘1 so notorious to all that the production of evidence would be unnecessary ” (9 Wigmore, Evidence, § 2571, p. 547). On this record, therefore, there was no show *425 ing that the regulation of the sale, distribution or possession of marijuana is an improper exercise of the police power, and the judgment should, therefore, be affirmed.
Concur — Hofstadter, J. P., Markowitz and Gold, JJ.
Judgment adjudicating the defendant a youthful offender affirmed.