John V. Vaughn, J.
The defendant James Clark was issued a uniform traffic ticket on September 23, 1968 which was made returnable before the Fifth District Court at Bay Shore, New York, on November 22, 1968.
On the return date the defendant appeared at the time and place named in the uniform traffic ticket and entered a plea of not guilty to a violation of article 21 (§ 512, subd. 1, par. [a]) of the Tax Law of the State of New York.
The information before the court on November 22, 1968 consisted of a simplified uniform traffic information which had been verified on September 26, 1968 pursuant to the Code of Criminal Procedure in that it was sworn to before a Sergeant of Police of the Suffolk County Police Department.
The matter came on for trial on February 26, 1969 and the People’s case was presented through the testimony of Patrolman Robert Agenjo of the Suffolk County Police' Department.
The police officer testified that he observed the defendant operating a 1957 International dump truck on Sunrise Highway and Howells Road in the Town of Islip, Suffolk County, New York, on September 23, 1968 at about 9:15 a.m., and that defendant was issued a uniform traffic ticket for a violation of article 21 (§ 512, subd. 1, par. [a]) of the Tax Law for failing to have a highway use permit or plate.
After the People’s case the court on its own motion reserved decision on its motion to dismiss, in that the court lacked jurisdiction.
The question before the court is: Can a simplified uniform traffic summons and complaint be used for the prosecution of a violation of the Tax Law or any other violation of law unrelated to traffic.
It is the court’s opinion that the Commissioner of Motor Vehicles is without authority to prescribe a form of traffic complaint for use in cases of violations of law unrelated to traffic.
Section 147-a of the Code of Criminal Procedure construes a simplified traffic information as the information or complaint “ charging the defendant with a violation of any of the provisions of the vehicle and traffic law or of any order, ordinance, rule or regulation made by local or public authorities in relation to traffic.” (Italics supplied.)
Section 147-d of the code, requiring a statement of the violation, is illustrative of the nature of the offense which may be prosecuted by a simplified traffic information. This section *716 speaks of violations suck as ‘ ‘ speeding, reckless driving, or the like, or if it be a violation having no general name, such as disobeying a traffic control device, failing to yield the right of way, or the like, a brief description of it as given by statute, order, ordinance, rule or regulation.”
Looking also to section 2002 of the Vehicle and Traffic Law for some guidance as to what is meant by “ any order, ordinance, rule or regulation made by local or public authorities in relation to traffic ” as intended by section 147-a of the Code of Criminal Procedure, it would appear that these have reference to orders of the State traffic commission, rules and regulations of the State traffic commission, rules and regulations of the sanitary and administrative codes and local laws and ordinances enacted by municipalities, relative to traffic, and which are construed by section 2002 of the Vehicle and Traffic Law as if they had been adopted pursuant to the Vehicle and Traffic Law. Statutes, enacted by the New York State Legislature outside of the Vehicle and Traffic Law, are not included.
Subdivision 1 of section 207 of the Vehicle and Traffic Law speaks of the Commissioner’s authority to prescribe the form of summons and complaint “in all cases involving a violation of any provision of this chapter or of any ordinance, rule - or regulation relating to traffic, except parking violations ”.
It is an accepted rule of statutory interpretation that the specific mention of one thing implies the exclusion of other things. (People ex rel. Woodward v. Draper, 67 Misc. 460, affd. 142 App. Div. 102, affd. 202 N. Y. 612.) Applying this rule here, it is manifest that the precise references contained in the provisions of section 207 of the Vehicle and Traffic Law, and in section 147-a of the Code of Criminal Procedure, to Vehicle and Traffic Law violations or a violation of any ordinance, rule or regulation relating to traffic, demonstrates a deliberate purpose by the Legislature to exclude violations stemming from or related to other sources.
Section 502 of the Tax Law, under paragraph a of subdivi1, provides that each carrier shall apply to the Tax Commission for a permit for each motor vehicle operated or to be operated by him on the public highways in this State. This section also provides that in the event of an increase in the gross or unloaded weight of any motor vehicle, application for a corrected permit shall be made, and in the event of a decrease in the gross or unloaded weight, application may be made for a corrected permit. The object of the permit therefore, is to implement a tax levy based upon the weight of the vehicle as *717 in accordance with tax rates enumerated under section 503 of the Tax Law.
Sections 501 through 515 of the Tax Law are primarily concerned with the imposition of a highway use tax and collection of revenue, and do not relate to traffic within the meaning of section 207 of the Vehicle and Traffic Law and section 147-a of the Code of Criminal Procedure. There appears to be no statutory authority for the prosecution of a violation of any of the provisions of the Tax Law by means of a simplified traffic information or uniform traffic summons and complaint.
This is not to say however, that where a defendant who has been served with a uniform traffic summons and complaint for violation of section 512 of the Tax Law, appears before the court in response thereto and pleads to a proper information, which has been sworn to before a Magistrate by the police officer, that the court does not acquire jurisdiction. In such an instance the court acquires jurisdiction of the defendant, notwithstanding, that in the first instance, defendant was served with a uniform traffic summons and complaint.
In the instant case there is no information before the court sworn to before a Magistrate charging a violation of the Tax Law other than the simplified uniform traffic complaint for which there is no authority since the infraction charged does not relate to traffic as is required.
The information is dismissed on the grounds that the information now before the court is jurisdictionally defective.