OPINION OF THE COURT
Walter W. Dunbar, J.
A New York State trooper observed the defendant operate a truck on a public highway without displaying a highway use tax plate, tag or sticker as required by article 21 of the Tax Law. After being stopped by the trooper and failing to produce the permit to be carried in the vehicle the defendant was issued a simplified traffic information charging him with having no highway use tax permit in violation of section 512 (subd 1, par [a]) of the Tax Law.
The defendant now moves to dismiss the simplified information as being jurisdictionally defective pursuant to CPL 170.35. The contention of the defendant is that a violation of the Tax Law cannot be brought on a simplified traffic information inasmuch as it is outside of the Vehicle and Traffic Law.
The defendant cites People v Clark (59 Misc 2d 714), a 1969 case which was decided under section 147-a of the Code of Criminal Procedure.
Section 512 (subd 1, par [a]) of the Tax Law requires a person to obtain a permit before using the highway with a motor vehicle having a gross weight in excess of 18,000 *312 pounds. Section 502 (subd 1, par [a]) of the Tax Law requires that the permit be carried in the motor vehicle and the tag, plate or sticker be firmly affixed in a conspicuous manner upon the vehicle. Failure to affix or carry the permit while operating the vehicle on the highway is presumptive evidence that no permit has been obtained for such motor vehicle. (Tax Law, § 512, subd 1, par [a].)
In People v Clark (supra) it was determined that a violation of the Tax Law did not relate to traffic. The court further determined that a simplified traffic information could not be used for statutes outside of the Vehicle and Traffic Law. (Code Crim Pro, § 147-a.)
I agree with the court that at the time of rendering the decision, the Legislature had restricted the use of the traffic summons to the Vehicle and Traffic Law and local ordinances. I cannot agree, however, that the Tax Law has no relation to traffic.
“Section 512 of the Tax Law [in providing] certain penalties for violations of the Tax Law involved in the operation of motor vehicles on the public highways * * * places these violations * * * in the same category as offenses under the Vehicle and Traffic Law.” (People v Davis, 22 Misc 2d 1094, 1095.)
The highway use tax came into being by enactment of section 1 of chapter 74 of the Laws of 1951, which provides: “The legislature hereby finds and declares that the operation of heavy motor vehicles upon the highways of this state greatly increases wear and damage on such, highways; that there is a direct relationship between the weight of the vehicle using such highways and the damage done to them; that the period of usefulness of such highways is shortened by such use; that the effect of such use is to create and augment hazards to pedestrians and other traffic and to impose on the state a heavier financial burden for highway construction, maintenance and policing than does the operation of smaller vehicles; that the provisions of this article are therefore necessary and are hereby enacted to distribute more equitably this financial burden and to compensate the state in part for the privilege granted to such heavy vehicles of using the highways of the state and for the cost of administering state traffic regulations.”
*313 Article 21 of the Tax Law specifically regulates the use of the highways and section 512 (subd 1, par [a]) thereof particularly relates to traffic. “It shall be unlawful for any person to * * * (a) Use * * * any public highway in this state for the operation of a motor vehicle subject to the provisions of this article without first obtaining the permit and tag, plate or sticker required under this article”. (Tax Law, § 512, subd 1, par [a].)
Since People v Clark, (59 Misc 2d 714, supra) was decided, two things have occurred. The Legislature has deleted the need for the offense to be found only in the Vehicle and Traffic Law, ordinance, rule or regulation, and the Commissioner of Motor Vehicles has prescribed a brief and simplified form that will accommodate offenses found in statutes other than the Vehicle and Traffic Law that relate to traffic.
The Code of Criminal Procedure has been replaced with the Criminal Procedure Law. (Ch 11-A of the Consolidated Laws, L 1970, ch 996, eff Sept. 1, 1971.) The definition of a simplified traffic information “is a written accusation by a police officer, or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic” (CPL 100.10, subd 2, par [a] ; emphasis added), and it must be substantially in the form prescribed by the Commissioner of Motor Vehicles. (CPL 100.25, subd 1.) *
We look now to the simplified traffic information filed with the court to determine if the commissioner has prescribed a form that will sufficiently charge offenses outside of the Vehicle and Traffic Law.
The commissioner with the assistance and co-operation of the Department of Audit and Control, the Division of Criminal Justice Services, the Division of State Police, and the Office of Court Administration, is studying the feasi *314 bility of establishing a new uniform traffic ticket and a traffic ticket management information and accountability system. This court is located in the 10-county area of the State where a “Traffic Safety Law Enforcement and Disposition System” (TSLE&D) is being tested. The commissioner has prescribed and provided a ticket that is the only acceptable ticket for use in arrests for and adjudication of traffic violations in the 10-county demonstration area. This ticket has three spaces for reference to laws other than the Vehicle and Traffic Law. One space allows the arresting officer to describe the violation and check one of two boxes marked either “NYS V&T Law” or “Other Law”. Another space allows the court to enter the “Charge Convicted of” and to check one of two boxes, either “V&T” or “Other”. The third space is designated “Name of Law Convicted of” and the instruction to the court from the commissioner in the handbook provided by him is for the court to use an easily understood abbreviation of the name of the law to be used and insert that abbreviation thereon.
The commissioner has therefore provided a ticket, at least in the 10-county area (TSLE&D) of the State, that is in a brief and simplified form which may be used to charge an offense relating to traffic and the offense need not be solely found in the Vehicle and Traffic Law but may be found in other New York statutes.
I find that the simplified traffic information filed with the court charging a violation of section 512 (subd 1, par [a]) of the Tax Law is not jurisdictionally defective and it may serve as the basis for the prosecution of the charge pursuant to CPL 100.10 (subd 2, par [a]).
The defendant is reminded of his right to a supporting deposition pursuant to CPL 100.25 (subd 2) and upon a request the court will order the complainant to file such deposition with the court and to serve a copy upon the defendant.
The motion to dismiss is denied for the reasons cited herein.

 When first enacted the CPL 100.25 (subd 1) read “A simplified traffic information must be substantially in the form prescribed by the commissioner of motor vehicles pursuant to [subdivsion 2 of] section two hundred seven of the vehicle and traffic law.” CPL 100.25 (subd 1) was amended by chapter 661 of the Laws of 1972 and reference to subdivision 2 of section 207 of the Vehicle and Traffic Law has been deleted.