THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRIS CORPORATION et al., Respondents.

Third Department, November 29, 1984

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Allan T. O'Sullivan* of counsel), for appellant.

*Mead, Begley & Quinlan (William J. Quinlan* of counsel), and *Whiteman, Osterman & Hanna (John Hanna, Jr.,* of counsel), for Harris Corporation, respondent.

*McPhillips, Fitzgerald, Meyer & McLenithan (Joseph R. Brennan* of counsel), for Larry La Forest, respondent.

*Harvey & Harvey, Mumford & Kingsley (William J. Dreyer* of counsel), for Robert Morgan, respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

On May 26, 1983, the Clinton County Grand Jury indicted defendants, a corporation and two nonofficer employees, on three counts of unlawful dealing in hazardous wastes in the first degree, in violation of ECL 71-2717 (subds 1, 3). The indictment charged that on different dates from about September 11, 1981 until February 28, 1983, defendants "assisted in the removal and made available for removal more than 100 gallons of hazardous wastes intending that such wastes be possessed or disposed of by * * * a person who had no authorization for such possession or disposal", and further that they conferred or agreed to confer a benefit on that person. Thereafter, defendants moved for, *inter alia,* dismissal of the indictment on the grounds that (1) ECL 71-2717 was unconstitutional in that it failed to give notice of the conduct proscribed by that section, and (2) 6 NYCRR 366.4, the regulation defining hazardous wastes, an important element of the alleged crimes, is void for it contravenes article III (§§ 1, 16) and article IV (§ 8) of the New York State Constitution, the State Administrative Procedure Act and the Executive Law. County Court determined that ECL 71-2717, and the regulations promulgated thereunder by the Department of Environmental Conservation (DEC) essential to its enforcement, did not give proper notice of the prohibited conduct and dismissed the indictment. This appeal by the People followed.

Initially, we find unconvincing defendants' argument, yielded to by the County Court, that ECL 71-2717 is unconstitutionally vague because several of its key terms, particularly the phrase "hazardous wastes", are not defined therein. The relevant definitional section, ECL 71-2702, provides in pertinent part:

"As used in section 27-0914 of this chapter, and sections 71-2707, 71-2709, 71-2711, 71-2713, 71-2715, 71-2719, 71-2721 and 71-2723 of this title, the following terms shall have the following meanings:

"1. 'Hazardous wastes' means:

"(a) Those wastes identified or listed in regulations promulgated pursuant to section 27-0903 of this chapter and all amendments thereto".

Defendants deem it critically significant that section 71-2717 is not identified as one of the sections to which these definitions apply. The People, on the other hand, consider this to be a judicially correctible legislative inadvertence.

Generally, a court may not supply by construction words or phrases omitted from a statute; where the legislative intent is clear, however, it may do so to prevent inconsistency, unreasonableness or unconstitutionality (McKinney's Cons Laws of NY, Book 1, Statutes, § 363). Here, save for ECL 71-2717, ECL 71-2702 applies to all nine of the sections within title 27 of the ECL which mention "hazardous wastes". Among those sections is ECL 71-2715, which constitutes the crime of unlawful dealing in hazardous wastes in the second degree. There is no logical reason why the Legislature would intentionally define the terms of eight provisions dealing with hazardous wastes yet leave them undefined in a closely related provision (ECL 71-2717). That ECL 71-2702 as written includes unlawful dealing in hazardous wastes in the second degree within its scope, but excludes unlawful dealing in hazardous wastes in the first degree, also illustrates the incongruity of a strict construction. Holding as we do that the definitions embodied in ECL 71-2702 pertain to ECL 71-2717 avoids this absurdity (see McKinney's Cons Laws of NY, Book 1, Statutes, § 145).

The assault on 6 NYCRR part 366, the regulation defining hazardous wastes, has far more force. As noted in ECL 71-2702 (subd 1, par [a]), hazardous wastes are those identified or listed in regulations issued pursuant to ECL 27-0903. Subdivision 1 of that section directs the Commissioner of DEC to promulgate, in a manner consistent with the State Administrative Procedure Act, a list of hazardous wastes. In accordance therewith, the commissioner duly promulgated 6 NYCRR 366.4[*] on January 8, 1982 which expressly incorporated by reference various Federal

---

[*] As originally promulgated in January of 1982, 6 NYCRR 366.4 stated, in pertinent part:

"366.4 Lists of hazardous wastes * * *

"(b) *Hazardous waste from nonspecific sources.* 40 CFR part 261, section 261.31 as amended from time to time is incorporated into this Part by reference.

"(c) *Hazardous waste from specific sources.* 40 CFR part 261, section 261.32 as amended from time to time is incorporated into this Part by reference.

"(d) Discarded commercial chemical products, off-specification species, containers, residues and spill residues thereof. The following materials or items are hazardous wastes if and when they are discarded or intended to be discarded * * *

"(6) The wastes and their corresponding EPA Hazardous Waste number identified in 40 CFR part 261, section 261.33(f), as amended from time to time, are incorporated into this Part by reference."

regulations appearing in 40 CFR part 261, listing wastes which the Federal Environmental Protection Agency recognizes as hazardous.

■ Even if we were to accept the People's submission that adoption of the Federal list of hazardous wastes within New York's hazardous waste regulations did not violate the constitutional prohibition against incorporation by reference contained in section 16 of article III of the New York Constitution (see *People v Mailman,* 182 Misc 870, affd 293 NY 887), section 8 of article IV thereof forbids any such wholesale incorporation of the Federal regulations (*Matter of New York State Coalition of Public Employers v New York State Dept. of Labor,* 60 NY2d 789, 791). Section 8 provides that, "No rule or regulation made by any state department * * * [or] officer * * * shall be effective until it is filed in the office of the department of state." The admitted failure of DEC to file the full text of the Federal regulations listing hazardous wastes not only defies the plain language of section 8 of article IV of the State Constitution, but its purpose as well, which, as the Court of Appeals observed in *Matter of New York State Coalition* (*supra,* p 791) is "to insure the existence of a common and definite place where the exact content of rules and regulations, including any changes, might be found." Inasmuch as 6 NYCRR 366.4, as promulgated on January 8, 1982, was ineffective, any charges levied against defendants premised on that regulation as it was then constructed were properly dismissed.

On December 23, 1982, DEC filed the full text of the Federal regulations to be incorporated by reference as an appendix to 6 NYCRR 366.4. The People maintain that this validated the regulation and that County Court therefore erred in dismissing those charges against defendants having their origin in conduct allegedly occurring after December 23, 1982. In attaining that end, the People find consolation in the notion that this filing, without more, legitimized the regulation since all State Administrative Procedure Act requirements respecting notice to the public of the conduct enjoined by ECL 71-2717 were met when 6 NYCRR 366.4 was originally issued on January 8, 1982. Hence, they argue that it was unnecessary, even if that regulation was ineffective then, to initiate a new rule-making proceeding pursuant to the State Administrative Procedure Act to cause the Federal regulations to become a part of the law of New York. We disagree. As *Matter of New York State Coalition* (*supra*) indicates, to be constitutionally acceptable the entire text of material sought to be incorporated by reference must first be filed in the office of the Department of State. Since that did not occur on

January 8, 1982, the Federal regulations, which would have had the effect of adding to the criminal law of New York, were incapable of being transformed into this State's law absent compliance with the State Administrative Procedure Act. The inadequate notice of the exact contents of the regulation, which was what occasioned its ineffectiveness, also invalidated its promulgation process. This necessitated a new notice and comment process for incorporation of the Federal lists, which did not occur.

Even assuming that 6 NYCRR 366.4 was legitimated for constitutional purposes on December 23, 1982 when the Federal lists were finally filed, this regulation still could not serve as a basis for the indictment in this case because it was not promulgated in a manner consistent with the State Administrative Procedure Act, as mandated by subdivision 1 of ECL 27-0903. Sections 202 (subd 1, par [e]; subd 2, par [d]) and 203 of the State Administrative Procedure Act require that proposed rules be filed with the Secretary of State in the manner prescribed by law within 180 days after publication of the notice of the proposed rule making or within 180 days after the date of the last public hearing. Here, the notice was published in April, 1981, public hearings were held in June, 1981 and the regulations to be incorporated were not filed until more than a year later. Since the January 8, 1982 filing was ineffective and the December 23, 1982 filing did not independently comply with the State Administrative Procedure Act's mandatory rule-making procedures, the latter filing was also void. The indictment was therefore properly dismissed.

MAIN, J. P., CASEY and MIKOLL, JJ., concur.

Order affirmed.