OPINION OF THE COURT
Anthony R. Corso, J.
The defendant is charged with violating regulations made pursuant to Transportation Law § 14-f, the transportation of hazardous materials. He is charged operating with improper placarding, operating with improper shipping papers, operating with defective steering, and operating with insufficient air pressure in violation of 49 CFR 177.823, 177.817, 396.3 (a) (1) and 393.50 (a) as adopted in 17 NYCRR 507.4. The defendant moves to dismiss for insufficiency of the accusatory instruments and on the grounds that the statute defining the offense is unconstitutional or otherwise invalid. (See, CPL 170.35 [1] [a], [c].)
The defendant claims that the informations are insufficient on their face in that they do not contain factual allegations establishing each element of the offense and the defendant’s commission thereof. (See, CPL 100.40 [1] [c].) The prosecutor, on the contrary, denies that the accusatory instruments are informations and claims that they are simplified informations, sufficient without any factual allegations. (See, CPL 100.40 [2]; 100.25.) In the recent case of People v Corn (NYLJ, Nov. 13, 1985, p 15, col 3) the Appellate Term, Second Department, found that the form of the instrument used in the instant case could be used as a simplified traffic information. An issue not raised by the parties is whether a simplified information may be used for violations of the Transportation Law. A simplified traffic information may be used for traffic infractions and misdemeanors relating to traffic. (See, CPL 100.10 [2] [a].) In People v Ferri (106 Misc 2d 311), the defendant was charged on simplified traffic information with operating a truck without a highway use tax permit in violation of Tax Law § 512 (1) (a). The court found that the simplified traffic information can be used to accommodate offenses found in statutes other than the Vehicle and Traffic Law that relate to traffic. The same conclusion is reached in this matter as it *691 pertains to a violation of the Transportation Law and therefore this branch of the defendant’s motion is denied.
As to the second branch of the motion, the defendant makes a number of claims as to the unconstitutionality of the statutory framework and the court will address each issue that is raised. With respect to the statutory framework, in 1975, Congress enacted the Federal Hazardous Materials Transportation Act (49 USC § 1801 et seq.) authorizing the Secretary of Transportation to make certain regulations defining hazardous materials and how they should be regulated. Further, in 49 USC § 1811 (a), Congress declared that any requirement of a State or a subdivision thereof which is inconsistent with any requirement of the Hazardous Materials Transportation Act or with a regulation issued under the act, is preempted by the Federal law.
In accordance with the above, the New York Legislature enacted Transportation Law § 14-f, which empowered the Commissioner of Transportation to make rules and regulations and made it unlawful to transport hazardous materials in violation of such rules and regulations. Further, Transportation Law § 14-f (1) (a) provides that such rules and regulations shall be no less protective of public safety than the rules and regulations promulgated by the Federal Government with respect to the transportation of hazardous waste materials, thereby avoiding preemption by the Federal law.
In furtherance of the statute, the Commissioner of Transportation enacted rules and regulations in 17 NYCRR part 507, Transportation of Hazardous Materials. In 17 NYCRR 507.4 (a), the Commissioner adopted parts 171 through 179 and 390 through 397 of title 49 of the Code of Federal Regulations, revised as of November 1, 1983, as the standards for transporting hazardous materials.
The defendant first claims that the incorporation by reference of Federal regulations into the State regulations violates the NY Constitution, article III, § 16. That section reads: "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.”
Initially, legislative enactments are presumed valid and the burden is upon the person attacking the validity of the statute that it is unconstitutional beyond a reasonable doubt. (See, Matter of Van Berkel v Power, 16 NY2d 37; People v Perez, 56 *692 Misc 2d 424.) Further, the proscription of NY Constitution, article III, § 16 applies to statutes and not to rules or regulations. The purpose of the provision is to prevent the incorporation into legislative enactments, by mere reference to some existing statute, a clause or provision affecting public or private interests to an extent or in a manner not disclosed upon the face of the act, and of which the legislators might be ignorant of at the time. (See, People ex rel. Commissioners v Banks, 67 NY 568; People ex rel. New York Elec. Lines Co. v Squire, 107 NY 593, affd 145 US 175.) A further indication that this provision is not applicable to rules and regulations made by a commissioner is found in NY Constitution, article III, § 21. This section provides that section 16 of article III is not applicable to a bill, or amendment to a bill, which is recommended to the Legislature by commissioners or public agency appointed or directed pursuant to law to prepare revisions, consolidations or compilations of statutes.
Next, the defendant claims that Transportation Law § 14-f and 17 NYCRR 507.4 are unconstitutionally vague and indefinite. The defendant does not point to any phrase or wording as being vague or indefinite. The defendant’s real complaint is that the Federal regulations referred to in 17 NYCRR 507.4 are inaccessible and the defendant attempts to convert this complaint into a constitutional objection. Statutes should be clear and positive, giving unequivocal warning of the rule to be obeyed. (See, People v Firth, 3 NY2d 472.) Unless the statute is clear and positive, it leaves virtually unfettered discretion in the hands of law enforcement officials and thereby may encourage arbitrary and discriminatory administration. (See, People v Illardo, 48 NY2d 408.) Clearly, the statutory framework of Transportation Law § 14-f is clear and positive and leaves no discretion for arbitrary or discriminatory enforcement.
The defendant also claimed that the Commissioner was not empowered by Transportation Law § 14-f to adopt Federal regulations, but must develop an entirely new set of rules and regulations de novo. Transportation Law § 14-f (1) (a) reads in part:
"Have the power to make rules and regulations governing transportation of hazardous materials * * *
"Such rules and regulations shall, be no less protective of public safety than the rules and regulations promulgated by the federal government with respect to the transportation of hazardous materials.”
*693 The Commissioner concluded that the best way to comply with the mandate of the statute would be to adopt by reference the regulations of the Federal Government. In Matter of Tommy & Tina v Department of Consumer Affairs (95 AD2d 724, affd 62 NY2d 671), the court stated that " '[a]n administrative agency’s construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight.’ ” This court can find nothing in the statutory language that prohibits the Commissioner from adopting by reference the Federal rules.
Next, the defendant claims that Transportation Law § 14-f unlawfully delegates the power of the Legislature to define crimes and criminal penalties in violation of NY Constitution, article III, § 1. This section provides: "The legislative power of this State shall be vested in the Senate and Assembly.” However, there is no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature. (See, Packer Coll. Inst. v University of State of N. Y., 298 NY 184.) In Matter of Levine v Whalen (39 NY2d 510, 515), the court stated that "[t]he delegation of power to make the law, which necessarily involves a discretion as to what it shall be, cannot be done, but there is no valid objection to the conferring of authority or discretion as to a law’s execution, to be exercised under and in pursuance of it.” The instant statutory mandate is to enforce the Federal regulations and may make those rules stricter by omitting the exemptions in the Federal regulations. (See, People v Mailman, 182 Misc 870, affd 293 NY 887; General Elec. Co. v Flacke, 118 Misc 2d 729.) In Darwegar v Staats (267 NY 290, 306), the court held that "[authority to make administrative rules is not a delegation of legislative power, and such rules do not become legislation because violations thereof are punished as public offenses.”
Finally, the defendant objects that the rules and regulations were unconstitutionally made and, returning to the accessibility complaint, claims that the State rules and regulations are unconstitutional because of the State’s failure to publish the Federal rules as required by NY Constitution, article IV, § 8. The defendant claims that rules made by the Commissioner were contrary to State Administrative Procedure Act § 202. On May 30, 1984, the Commissioner filed 17 NYCRR 507.4 with the Department of State as an emergency measure as permitted by State Administrative Procedure Act § 202 (1) (d). *694 Notice of the emergency and the proposed agency action was published in New York State Register on May 30, 1984. This notice contained a regulatory impact statement and regulatory flexibility analysis and also invited "data, views or arguments” from the regulated community. On August 6, 1984, the Commissioner filed 17 NYCRR 507.4 with the Department of State and a "Notice of Adoption” was printed in New York State Register on August 22, 1984. In any event, State Administrative Procedure Act § 202 (7) reads in part: "A proceeding to contest any rule on the grounds of noncompliance with the procedural requirements of this section or of section two hundred two-a of this chapter must be commenced within four months from the effective date of the rule.” (The 1984 amendment concerning judicial review is found in § 202 [8] and is substantially to the same effect.) In People v Roth (129 Misc 2d 381) the Commissioner of Environmental Conservation adopted the Federal list of hazardous materials under a Federal statute that preempted the States from establishing less stringent rules than the Federal standards. The court held that hearings would be meaningless and repetitive since such hearings were originally mandated prior to the adoption of the Federal list.
With respect to publication, NY Constitution, article IV, § 8 reads: "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
The courts have uniformly held that rules or regulations, even though published, do not become effective until filed with the Department of State citing NY Constitution, article IV, § 8. (See, People v Cull, 10 NY2d 123.) Further, when Federal regulations are adopted by reference in the State regulations, the Federal regulations must also be filed with the Department of State. In Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (60 NY2d 789) the court stated that one of the purposes behind the constitutional provision was to "insure the existence of a common and definite place where the exact content of the rules and regulations * * * might be found.” One case (People v Lerner, 90 Misc 2d 513) found that a regulation was effective prior to publication relying on the above constitutional provision. In *695 the instant case, the Federal regulations 49 CFR parts 171 to 179 and 390 to 397 were filed with the Department of State on August 6, 1984.
With respect to publication of the rules and regulations of New York State, Executive Law § 102 makes provision for such publication. However, the defendant’s complaint is not that the State regulations have not been published but that the Federal regulations, adopted by reference, have not been published.
Executive Law § 102 (1) (c) reads: "Any code, rule or regulation which includes in the text thereof any United States statute, or code, rule or regulation previously published in the code of federal regulations or in the federal register, or any previously published data, criteria, standards, specification, techniques, illustrations or other information reasonably available to regulated parties, shall have set forth in its text a precise identification of such material, including but not limited to: applicable titles, dates, editions, page numbers, section numbers, and authors, the names and addresses of the publisher from whom a copy may be obtained, and the designated office or offices of the adopting agency at which such material is available for public inspection and copying.”
Executive Law § 102 (4) (e) reads:
"4. Publication of all such codes, rules and regulations filed with the secretary of state pursuant to this section shall be provided in the following manner * * *
"e. the secretary of state shall cause such compilation to be printed; however, he may exclude from such printed compilation any previously published portion of a rule which is precisely identified in the text thereof pursuant to paragraph c of subdivision one of this section.”
Therefore, the State need not publish the Federal regulations incorporated by reference in 17 NYCRR part 507.
Accordingly, the defendant’s motion to dismiss is denied.