OPINION OF THE COURT
Rockwell Colaneri, J.
The defendant is charged with five violations of the regula *571 tions promulgated pursuant to Transportation Law § 14-f (17 NYCRR part 507). It now moves to dismiss the accusatory instruments on the ground that the regulations sought to be enforced are not valid under the State Constitution. Each of the simplified traffic informations was issued on June 5, 1986 and make reference to various sections contained in 49 CFR— Transportation.
Transportation Law § 14-f authorizes the Commissioner of Transportation to make rules and regulations governing the transportation of hazardous materials, provided that the rules and regulations so promulgated may be no less protective of public safety than the rules and regulations promulgated by the Federal Government with respect to the transportation of hazardous materials. Pursuant to this authority, the Commissioner promulgated 17 NYCRR part 507. Prior to May 1984, 17 NYCRR 507.4 incorporated by reference relevant portions of 49 CFR. However, these regulations were not filed with the Department of State. In May 1984, the Commissioner of Transportation filed an amended version of 17 NYCRR part 507, and at the same time filed copies of 49 CFR parts 100-177, 178-199, revised as of November 1, 1983, and parts 200-399, revised as of October 1, 1983. Amended 17 NYCRR 507.4 (a) provided that: "The Commissioner of Transportation adopts, as the standards for classification description, packaging, marking, labeling, preparing, handling and transporting all hazardous materials, all of the standards and requirements contained in parts 171 through 179 and parts 390 through 397 * * * of the Code of Federal Regulations revised as of November 1, 1983.”
The above emergency rule was necessitated by the Court of Appeals decision in Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (60 NY2d 789). The court held therein that wholesale incorporation by reference of Federal regulations, without prior filing of the text of those regulations with the Department of State, violated the mandates of NY Constitution, article IV, § 8. That section provides: "No rule or regulation made by any state department * * * [or] officer * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
No issue has been raised concerning the validity of the regulations as they existed from May 1984 through November 1984. However, it appears that in November 1984, and again *572 in November 1985 a revised 49 CFR was published. The latter documents were not filed with the Department of State until August 1986, when the Commissioner filed a new emergency rule containing the current version of 17 NYCRR part 507. As noted above, the offenses charged herein allegedly took place in June 1986.
The defendant contends that it may not be prosecuted because the 1985 revision of the CFR was not on file with the Department of State on the date of the violations. In support of this position the defendant cites People v Harris Corp. (104 AD2d 130, 133) wherein the court stated: "The admitted failure of DEC to file the full text of the Federal regulations listing hazardous wastes not only defies the plain language of section 8 of article IV of the State Constitution, but its purpose as well, which, as the Court of Appeals observed in Matter of New York State Coalition (supra, at 791) is 'to insure the existence of a common and definite place where the exact content of rules and regulations, including any changes, might be found.’ ”
The defendant also relies upon the Commissioner’s memorandum which accompanied the August 1986 submission to the Department of State, wherein the Commissioner stated that several District Attorneys and the State Police had indicated that prosecution on the regulations already filed might no longer be possible.
In the court’s opinion, the defendant’s contentions are without merit. In this regard, the court notes that the argument implies that each revision of the CFR is a new and independent body of law. However, 44 USC § 1510 (a) provides that the CFR is to be "complete codifications of the documents of each agency of the Government having general applicability and legal effect, issued or promulgated by the agency by publication in the Federal Register” (emphasis supplied). Pursuant to 44 USC § 1510 (c) each book of the CFR is to be republished at least once each year. The explanatory section of each CFR volume indicates that the CFR is a codification of the general and permanent rules which have already been published in the Federal Register. Thus, the status of any particular rule cannot be determined by reference to the CFR alone, but rather by reference to the CFR and the subsequently published individual issues of the Federal Register. The court therefore is of the opinion that the CFR is designed to be a continual updating of the already existing rules and *573 regulations, rather than a body of law, in and of itself. Thus, as the language of Matter of Coalition (supra) cited above suggests, once a particular revision of the CFR is filed with the Department of State, all that is required thereafter is the filing of any amendments or changes to the rules which appear in the Federal Register. Of course, the filing of subsequent yearly revisions of the CFR is a convenient way of locating the status of particular regulations. However, the failure to so file is not fatal provided that the text of the regulation sought to be enforced is already on file and has not been amended at the time of the alleged violation.
In the case at bar a review of the "List of CFR sections affected” contained in the booklet entitled "Code of Federal Regulations Title 49, Parts 200 to 399 revised as of October 1, 1985”, and the update through September 1986, reveals that none of the sections with which the defendant is charged has been amended since the 1983 compilation of the CFR was filed in May 1984. Clearly, this situation is distinguishable from the facts in both Matter of Coalition (supra) and People v Harris (supra) in that the text of the regulations sought to be enforced in those cases had either not been filed at all, or had been invalidly filed. Under the circumstances presented herein, the court concludes that continued prosecution is permissible and hence the motion to dismiss on this ground is denied.
The defendant also contends that simplified information No. A-2441031-5 should be dismissed in that it is in some way vague. However, the defendant does not explain in what respect the simplified information is vague. The motion to dismiss is therefore denied.
Defendant also contends that simplified information No. A-2441034-1 should be dismissed in that the factual allegations refer to 49 CFR 396.3 (A) (5), and no such regulation exists. While it is true that no such regulation exists, the court concludes that dismissal is not warranted. In this regard, the court notes that the instrument correctly refers the defendant to Transportation Law § 14-f, 17 NYCRR 507.4 and 49 CFR 396.3 (a). The factual allegations clearly state a violation of 49 CFR 396.3 (a) (1). Under these circumstances, the court concludes that the incorrect reference may be disregarded. Accordingly, the motion is denied.