■ In the Matter of FLORENCE COLGATE, Individually and as Executrix of JOHN K. COLGATE, Deceased, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a gift tax deficiency assessment imposed under Tax Law article 26-A.

At issue in this proceeding is the valuation of certain gifts of stock made by petitioner and decedent in 1976. Inasmuch as the stock was not publicly traded, valuation of these gifts was difficult, and an independent appraiser was hired to appraise the stock for gift tax purposes. The appraiser valued the stock at net asset value discounted 57.8% due in part to the fact that the stock was not publicly traded. Upon auditing petitioner's and decedent's Federal gift tax returns, an Internal Revenue Service (IRS) auditor determined that this discount factor was too high. He found 15% to be an appropriate discount factor and the IRS issued a deficiency assessment on that basis. During subsequent negotiations, the parties reached a compromise and the value of the stock was computed for Federal gift tax purposes using a discount factor of 45%.

Petitioner notified the State Department of Taxation and Finance of the Federal gift tax adjustments (see, Tax Law §§ 659, 1007 [b]). In addition, petitioner stated that she was not conceding the accuracy of the Federal determination (see, Tax Law § 659). The Department issued notices of deficiency to petitioner based on the Federal valuation of the gifts, and petitioner contested the deficiencies. In sustaining the deficiencies, respondent noted that Tax Law § 1006 (a) provides that a final Federal determination as to the value of a gift is determinative of its value for State gift tax purposes "unless such final [F]ederal determination is shown by a preponderance of the evidence to be erroneous". In addition, respondent determined that petitioner was required to present evidence other than the evidence she produced in connection with the Federal determination, and that respondent was not required to

consider the previously presented evidence. Since petitioner presented no new evidence, respondent found that she failed to show that the Federal determination was erroneous.

Inasmuch as an interpretation of Tax Law § 1006 (a) involves only " 'pure statutory reading and analysis' ", rather than interpretation of technical terms which are best left to interpretation by the agency responsible for the statute's enforcement, this court is not constrained to accept respondent's interpretation of Tax Law § 1006 (a) *(see, Matter of Home Off. Reference Lab. v Axelrod,* 116 AD2d 858, 860, *lv denied* 68 NY2d 601). We disagree with respondent's position that Tax Law § 1006 (a) requires petitioner to present "new" evidence in order to demonstrate that the Federal determination was erroneous. The statute requires petitioner to make her demonstration "by a preponderance of the evidence" (Tax Law § 1006 [a]). Nothing in either the statute or the legislative history cited by respondent limits this evidence to matters not presented to the Federal authorities. Since it is apparent that respondent based its determination in this matter on this incorrect interpretation of Tax Law § 1006 (a), its determination must be annulled and the matter remitted to respondent for reconsideration.

Determination annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.