OPINION OF THE COURT
Daniel R. Palmieri, J.
Defendant has been charged with a violation of section 14-f of the Transportation Law. Such charge was initiated by the issuance on August 12, 1988 of á simplified traffic information (STI) in the from approved by the Department of Motor Vehicles. The specific nature of the charge is "Placarded Flammable not carrying Haz. Material”. Located on the STI, above the words "Transportation Law:” is the number "172.502” written in black ink.
Defendant has moved to dismiss the STI on the grounds that it charges a violation which is not prohibited by the Transportation Law, i.e., the marking or placarding of a *10 vehicle as carrying hazardous material when in fact it is not carrying hazardous material. The People respond that Federal regulations, which are embraced by State law, prohibit improper placarding.
In addition, certain legislative changes in 1987 to the Transportation Law and the Vehicle and Traffic Law prompt a review of the interaction of the Transportation Law, the Vehicle and Traffic Law and State and Federal regulations with respect thereto.
In its original form Transportation Law § 14-f provided in subdivision (4) that violations of any rules and regulations thereunder may be charged through the use of a uniform traffic summons and complaint prescribed by section 207 of the Vehicle and Traffic Law. Section 380 of the Vehicle and Traffic Law originally applied to transportation of dangerous articles and in 1981 was revised to prohibit the transport of hazardous materials in violation of the rules and regulations adopted pursuant to section 14-f of the Transportation Law. (L 1981, ch 963.) That same chapter also modified section 14-f of the Transportation Law to delete the provision found in former section 14-f which permitted violations to be charged through use of a uniform traffic summons.
Presumably the Legislature intended that the authority to prosecute violations of section 14-f was sufficiently reposed in revised section 380 of the Vehicle and Traffic Law since Vehicle and Traffic Law § 207 had not as yet been modified to cross-reference the Transportation Law.
Apparently the problems had been noted because in approving Laws of 1981 (ch 963) the Governor stated that the bill "harmonizes” the relevant provisions of the Transportation Law and the Vehicle and Traffic Law (1981 McKinney’s Session Laws of NY, at 2640). He also said that he recognizes the bill "contains certain technical defects and ambiguities, particularly with regard to its penalty provisions” and that amendments will be sought to cure these problems. (Ibid.)
Prior to 1983 section 207 of the Vehicle and Traffic Law made no reference to the Transportation Law. However, Laws of 1983 (ch 890) modified that section to include a cross-reference to section 14-f of the Transportation Law and the legislative memorandum states that its purpose is to allow uniform traffic tickets to be used for Transportation Law § 14-f violations. This revision also made section 380 of the Vehicle and Traffic Law superfluous and confusing. Thus, in 1987, *11 pursuant to Laws of 1987 (eh 186), section 14-f was once again amended, and Vehicle and Traffic Law § 380 was repealed, but no attempt was made to reinsert the former provisions of section 14-f which permitted prosecution by means of an STL According to the memorandum submitted with the bill by the Division of State Police its purpose is to provide for the regulation of the transportation of flammables under the Transportation Law rather than the Vehicle and Traffic Law.
By eliminating Vehicle and Traffic Law § 380, a violation of the Transportation Law is no longer also a violation of the Vehicle and Traffic Law. The Legislature did choose to leave Vehicle and Traffic Law § 207 as amended in 1983 intact. It is this section which authorizes the Commissioner of Motor Vehicles to prescribe the form of summons and complaint in all cases involving a violation of "section fourteen-f ’ of the Transportation Law. It is based on Vehicle and Traffic Law § 207 that I now hold that the issuance of the STI adopted by the Commissioner of Motor Vehicles is a proper form of instrument for prosecution of a violation of section 14-f of the Transportation Law.
Reading section 207 of the Vehicle and Traffic Law in conjunction with section 90 of the Transportation Law leads to the conclusion that while the Vehicle and Traffic Law provides the mechanism for initiating a proceeding under the Transportation Law, the authority for the proceeding and the governance thereof is found in sections 90 and 91 of the Transportation Law. These sections provide for an action to recover penalties or forfeitures and a preference for court proceedings, respectively.
In this case, the defendant has been charged with a violation of the Transportation Law and counsel has argued that the STI is defective for failure to give notice of the violations or because, assuming that the violation is of subdivision (3) of section 14-f, it is not a violation to have a placard for flammables when there are not inflammables.
Section 14-f (1) (a) permits the Transportation Commissioner to adopt rules and regulations and 17 NYCRR part 507 contains these regulations.
17 NYCRR 507.4 incorporates by specific reference certain provisions of the Code of Federal Regulations and section 507.10 indicates that the CFR provisions which have been incorporated have been filed in the Office of the Secretary of State of New York.
*12 Our courts have held that incorporation by reference of Federal regulations into State regulations is permissible provided said regulations are properly filed. (Matter of New York State Coalition of Pub. Employers v New York State Dept. of Labor, 60 NY2d 789 [1983]; People v SNR Delivery, 134 Misc 2d 570 [Dist Ct, Suffolk County 1987].)
Reference to 49 CFR 172.502 (a) ("Prohibited placarding”) reveals that "no person may affix or display on a transport vehicle * * * any placard * * * unless: (1) The material being offered or transported is a hazardous material”. Hence, the Federal regulations, which are incorporated by reference into the New York regulations, do prohibit the affixation of a placard on a vehicle when the vehicle does not contain the placarded material and that, the People say, is the infraction of which the defendant stands accused.
The next issue then is whether or not the STI sufficiently apprised the defendant of the violation for which he is being prosecuted.
An STI is an accusation which charges a person with the commission of a traffic infraction CPL 100.10. It designates the offense charged but does not contain any factual allegations of an evidentiary nature to support the charge. The offense must be clearly designated on the STI (People v Zambounis, 251 NY 94 [1929]). The charge should be stated with such accuracy that the defendant may know the offense he has allegedly committed (People v Love, 306 NY 18 [1953]), and the defendant must be informed of the nature of the acts allegedly committed, not only for the purpose of preparing a defense but also to preclude reprosecution for the same offense. (See, People v Miles, 64 NY2d 731 [1984].)
In SNR Delivery (supra), the information clearly referred the defendant to the Transportation Law, the NYCRR and the specific section of title 49 (CFR 396.3), for which the infraction was related. In this case while the number "172.502” written on the STI does not appear as part of a sentence or with any modifiers that reference, when read with 17 NYCRR 507.4 and the terse written description of the violation on the STI, should be sufficient to apprise the defendant that it is under 49 CFR 172.502 that he is being charged.
While a reading and understanding of the STI may not be easy the STI does contain sufficient information to bring into play the various steps from the STI, to the Transportation Law and from thence to the State and Federal rules which *13 lead directly to the self-same section 172.502 which is noted on the STI. See People v Kavanaugh (133 Misc 2d 689 [Dist Ct, Suffolk County 1986]) holding that simply because Federal regulations may not be readily accessible does not translate to a constitutional infirmity. Here, as in Kavanaugh, the statutory road map is clearly marked and is unambiguous.
Accordingly, defendant’s motion to dismiss is denied.