OPINION OF THE COURT
Steven E. Malone, J.
The within matters, originally commenced in the Village of *179 Honeoye Falls Justice Court, were transferred to the Mendon Town Court as the court of proper jurisdiction. No jurisdictional issues have been raised.
The defendants in this case have been charged by informations issued from the New York State Department of Environmental Conservation which said informations alleged violations of 6 NYCRR 364.2 (a) (1) and (2). The informations allege that the defendants transported a "regulated waste” without a valid permit. The regulated waste allegedly transported was in the form of old motor vehicle tires.
By notice of motion dated July 16, 1991, defendant Kelley moves, by his attorneys, for various forms of relief as well as for an order dismissing the informations on the ground that waste tires were not a regulated waste at the time and date of the occurrence.
The People of the State of New York, by cross motion dated August 12, 1991, seek, among other things, an order allowing the People to amend the accusatory instruments to allege a violation of ECL 27-0305. (The People’s papers erroneously cite ECL 27-0303.) The court grants that portion of the People’s cross motion seeking an amendment of the filed information in accordance with CPL 100.45 (3) and the charge now pending before this court is the alleged violation of ECL 27-0305 (1).
Squarely before this court now is the issue of whether waste tires were a "regulated waste” as of February 19, 1991, the date of the alleged violation. The determination of this issue requires an analysis of ECL 27-0303 (4) and (12); 27-0305 (1) and (4) and the rules and regulations promulgated thereunder as are contained in 6 NYCRR part 364.
The court’s analysis starts with the underlying premise that environmental issues are almost always complex and the statutes, rules and regulations designed to control and monitor these important issues are exceedingly complex as well. Neither the statutes nor the rules and regulations can be read alone inasmuch as both sources must be consulted in order to formulate an opinion as to the application or nonapplication of the law to a particular set of circumstances.
The current ECL 27-0305 goes back to at least 1978 and said section requires a person to have a permit in order to engage in the transportation of "regulated waste”. Up until April 1, 1989, subdivision (4) of this section provided in part that "the Department may make rules and regulations implementing *180 this section in order to carry out and enforce the intent and purposes thereof’ (emphasis added). Such rules and regulations were in fact promulgated and are now contained in 6 NYCRR part 364. It must be presumed that the Department of Environmental Conservation felt it necessary to make such rules and regulations so as to properly implement ECL 27-0305. Indeed, in order to make sense of the statutory provisions, the rules and regulations must be consulted.
The defendant argues that the current rules and regulations exempt from any permit requirements all vehicles transporting "scraps, including but not limited to plastic, rubber, paper, cardboard, wood chips, glass and metal” (6 NYCRR 364.1 [e] [2] [vi]) arguing that scrap tires are composed of materials such as plastic, rubber, glass and metal. The court agrees with this reasoning based, in part, upon the Legislature’s amendment of ECL 27-0303 which added waste tires to the definition of "regulated waste”. This law was approved on June 15, 1990 and became effective January 1, 1991 and the court finds that there would have been no need for the amendment had waste tires been considered a "regulated waste” prior to that time.
Effective April 1, 1989, it became mandatory rather than permissive for the Department of Environmental Conservation to make rules and regulations implementing ECL 27-0305. Apparently recognizing the mandatory language contained in ECL 27-0305 (4), the 1990 amendment (eff Jan. 1, 1991) adding waste tires to the definition of "regulated waste” specifically provided that effective on June 15, 1990, "the addition, amendment and/or repeal of any rule or regulation necessary for the implementation of this act on its effective date are authorized and directed to be made and completed within 180 days after the date on which this act becomes a law” (L 1990, ch 226, § 3). Although the Legislature directed the Department of Environmental Conservation to make the necessary amendments to the rules and regulations required by ECL 27-0305 (4), such amendments were apparently never made.
Article IV, § 8 of the NY Constitution provides that no rule or regulation made by any State department shall be effective until it is filed in the office of the Department of State. This filing did not occur and there is therefore no rule or regulation implementing the 1990 amendment. In light of the clear statutory language and the underlying case law, the court finds as unpersuasive the People’s argument that the 1990 amendment was "self-implementing”. (See, People v Harris Corp., 104 AD2d 130.)
*181 A conviction for a violation of ECL 27-0305 carries with it the possibility of severe fines being imposed. The purpose of the New York Codes, Rules and Regulations are, of course, to give the general public notice of what is and is not lawful and to also notify the public as to the enforcement provisions which would apply. In the case at bar, the statute sought to be enforced required the passage of rules and regulations to implement ECL 27-0305 and had these rules and regulations been properly amended, the public would have been on notice, without question, that waste tires were now a "regulated waste”.
In accordance with the foregoing, all charges pending in this court against these defendants are hereby dismissed.