*89 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, accusatory instrument dismissed and fine, if paid, remitted.
The instant matter involves a charge of operating a vehicle displaying a prohibited hazardous materials identification marking. It should be noted at the outset that insofar as defendant contends that the accusatory instrument is defective in charging him with violating Transportation Law § 14-f (2), in that it incorrectly cited 49 CFR 172.303 (a) (regarding packages) in support of the charge rather than 49 CFR 172.502 (regarding vehicles), we find no merit in said contention since defendant was fully apprised of the nature of his alleged offense (see People v Miles, 64 NY2d 731 [1984]; People v Scantlebury, 143 Misc 2d 9 [Nassau Dist Ct 1989]).
Transportation Law § 14-f (2) provides: “It shall be unlawful for any person, corporation, company, association, partnership or any officer or agent thereof to transport or cause to be transported hazardous materials in violation of the rules and regulations promulgated by the commissioner pursuant to this section.” Transportation Law § 14-f (3) (a) prohibits operation of any vehicle transporting hazardous materials unless the vehicle is “conspicuously marked or placarded” in such a way as to identify the material being transported or its principal hazard, in accordance with the rules and regulations to be promulgated by the Commissioner of Transportation.
Notably, these, and all other provisions of Transportation Law § 14-f, pertain to the actual transportation of hazardous materials. There is no indication of any legislative intent to regulate the display of a hazardous material identification marking on the outside of the vehicle where, as here, the vehicle was not transporting even a residue of any hazardous material. As it is undisputed that defendant was not transporting any hazardous material at the time the ticket was issued to him, the conviction cannot stand.
In light of this disposition, defendant’s remaining contentions need not be considered.
Rudolph, EJ., Angiolillo and Lippman, JJ., concur.